**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ELAN RICKY-KEONI RADER** | § | |
| **#02388697** | § | |
| | § | |
| **V.** | § | **A-22-CV-1029-LY-SH** |
| | § | |
| **MS. KNIGHT and MS. HURST** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court is a civil rights complaint filed by Plaintiff Elan Ricky-Keoni Rader. The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules.

## I.      Statement of the Case

Rader, proceeding pro se, has been granted leave to proceed in forma pauperis. At the time he filed his civil rights complaint, Rader was confined in the Texas Department of Criminal Justice – Correctional Institutions Division.

Rader asserts Ms. Knight and Ms. Hurst opened "legal" mail outside of his presence. Rader explains one letter was from the municipal court of the City of Benbrook and the other was from the municipal court of Westworth Village. Rader grieved the issue and was informed mail from the two municipal courts was not considered privileged or legal mail. Rader sues Ms. Knight and Ms. Hurst and seeks $100,000 in damages.

## II.    Legal Standards

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## III.    Analysis

For Rader's claim to rise to the level of a constitutional violation under the First Amendment, he must allege that his position as a litigant was prejudiced. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). Because Rader only asserts that his mail was opened outside of his presence and without his consent, he fails to state a cognizable constitutional claim for denial of his right to access to the courts or right to free speech. *See id*. (holding inmate failed to state cognizable constitutional claim for denial of his right to access the courts because inmate only asserted his legal mail was opened and read outside his presence and without his consent); *Brewer v. Wilkinson*, 3 F.3d 816 (5th Cir. 1993) (holding inmates failed to state cognizable constitutional claim either for denial of access to courts or denial of right to free speech by alleging incoming legal mail was opened and inspected for contraband outside their presence).

2

## IV.     Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Rader's civil rights complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Rader be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

If this Report and Recommendation is accepted, adopted, or approved, it is further recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## V.     Objections

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 18, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE